Case No. 23-11733-H

# United States Court of Appeals
# for the Eleventh Circuit

JULIA ROBINSON,

*Appellant*,

v.

CHOICE HOTELS INTERNATIONAL SERVICES CORP. et al.,

*Appellees*.

On Appeal from the United States District Court for the
Northern District of Georgia, Atlanta Division
Civil Action No. 1:22-CV-03080-MHC

## BRIEF OF APPELLEE CHOICE HOTELS INTERNATIONAL, INC.

Marc H. Bardack
Jacob E. Daly
Evan D. Szczepanski
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Appellee Choice Hotels International, Inc. (which has been incorrectly named as Choice Hotels International Services Corp.) provides the following certificate of interested persons and corporate disclosure statement (which is identical to the separate Certificate of Interested Persons and Corporate Disclosure Statement that it filed on June 28, 2023):

Choice Hotels International, Inc. is a publicly traded corporation that was organized under the laws of the State of Delaware.  It does not have a parent corporation, and there is no publicly held corporation that owns 10% or more of its stock. Its stock is traded on the New York Stock Exchange under the ticker symbol CHH.

In addition, Choice is aware of the following trial judge(s), attorneys, persons, associates of persons, firms, partnerships, and corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of Choice's stock, and other identifiable legal entities related to Choice:

1.     926 James M. Wood Boulevard LLC (subsidiary of Appellee Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

2.  926 JMW F&B Trust (subsidiary of Appellee Choice Hotels International, Inc.)

3.  AF Holding Subsidiary Corp. (subsidiary of Appellee Choice Hotels International, Inc.)

4.  Bardack, Marc H. (attorney for Appellee Choice Hotels International, Inc.)

5.  BL 219 HoldCo, LP (subsidiary of Appellee Choice Hotels International, Inc.)

6.  Bloomington CIS GP, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

7.  Bloomington CIS, LP (subsidiary of Appellee Choice Hotels International, Inc.)

8.  CAM Bloomington 2021 LLC (subsidiary of Appellee Choice Hotels International, Inc.)

9.  Carlson Hotels Chile SpA (subsidiary of Appellee Choice Hotels International, Inc.)

10. Carlson Hotels Mexico S. de R.L. de C.V. (subsidiary of Appellee Choice Hotels International, Inc.)

11. Carmort, Inc. (subsidiary of Appellee Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

12.    CDRSVM Holding, LLC (affiliate of Appellee Terminix Global Holdings, Inc.)

13.    CH Avion Burbank LLC (subsidiary of Appellee Choice Hotels International, Inc.)

14.    CH 28th Ave Bloomington LLC (subsidiary of Appellee Choice Hotels International, Inc.)

15.    CH 32 W Randolph LLC (subsidiary of Appellee Choice Hotels International, Inc.)

16.    CH Brighton Denver LLC (subsidiary of Appellee Choice Hotels International, Inc.)

17.    CH Broad Street LLC (subsidiary of Appellee Choice Hotels International, Inc.)

18.    CH FW Rosedale LLC (subsidiary of Appellee Choice Hotels International, Inc.)

19.    CH JMW Beverages LLC (subsidiary of Appellee Choice Hotels International, Inc.)

20.    CH Lady Street Columbia LLC (subsidiary of Appellee Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

21.   CH Oakland Airport LLC (subsidiary of Appellee Choice Hotels International, Inc.)

22.   CH Portland Park LLC (subsidiary of Appellee Choice Hotels International, Inc.)

23.   CHH VM 2010 LLC (subsidiary of Appellee Choice Hotels International, Inc.)

24.   CHI COH Holding Company LLC (subsidiary of Appellee Choice Hotels International, Inc.)

25.   CHI MLC Holdings LLC (subsidiary of Appellee Choice Hotels International, Inc.)

26.   Choice Hotels International, Inc. (NYSE ticker symbol CHH) (incorrectly named as Choice Hotels International Services Corp.) (Appellee)

27.   Choice Hospitality (India) Pvt. Ltd. (subsidiary of Appellee Choice Hotels International, Inc.)

28.   Choice Hotels Asia-Pac Pty. Ltd. (subsidiary of Appellee Choice Hotels International, Inc.)

29.   Choice Hotels Barbados 1, SRL (subsidiary of Appellee Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

30.    Choice Hotels Barbados 2, SRL (subsidiary of Appellee Choice Hotels International, Inc.)

31.    Choice Hotels Canada, Inc. (subsidiary of Appellee Choice Hotels International, Inc.)

32.    Choice Hotels de Mexico de R.L. de C.V. (subsidiary of Appellee Choice Hotels International, Inc.)

33.    Choice Hotels France S.A.S. (subsidiary of Appellee Choice Hotels International, Inc.)

34.    Choice Hotels Franchise GmbH (subsidiary of Appellee Choice Hotels International, Inc.)

35.    Choice Hotels Insurance Agency, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

36.    Choice Hotels International Licensing ULC (subsidiary of Appellee Choice Hotels International, Inc.)

37.    Choice Hotels International Services Corp. (subsidiary of Appellee Choice Hotels International, Inc.)

38.    Choice Hotels Licensing B.V. (subsidiary of Appellee Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.

Case No. 23-11733-H

39.   Choice International Hospitality Services, Inc. (subsidiary of Appellee Choice Hotels International, Inc.)

40.   Choice Privileges Loyalty Services, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

41.   CI&S Plymouth II LLC (subsidiary of Appellee Choice Hotels International, Inc.)

42.   CIS MOA Management, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

43.   City Market Hotel Development LLC (subsidiary of Appellee Choice Hotels International, Inc.)

44.   City of Hollywood, Florida (Defendant; not involved in appeal)

45.   City of Hollywood Police Department (Defendant; not involved in appeal)

46.   CM Chicago, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

47.   Cohen, Mark H. (Judge of the United States District Court for the Northern District of Georgia)

48.   Columbus-Hunt Park Dr. BNK Investors LLC (subsidiary of Appellee Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

49.    Country/Carlson, A Joint Venture (subsidiary of Appellee Choice Hotels International, Inc.)

50.    Country Hospitality Worldwide, Inc. (subsidiary of Appellee Choice Hotels International, Inc.)

51.    Country Inn & Suites by Radisson, Inc. (subsidiary of Appellee Choice Hotels International, Inc.)

52.    Country Inns & Suites Corporate Owned, Inc. (subsidiary of Appellee Choice Hotels International, Inc.)

53.    CS 433 Mason LLC (subsidiary of Appellee Choice Hotels International, Inc.)

54.    CS Brickell LLC (subsidiary of Appellee Choice Hotels International, Inc.)

55.    CS Centre Ave Pittsburgh LLC (subsidiary of Appellee Choice Hotels International, Inc.)

56.    CS Hotel West Orange LLC (subsidiary of Appellee Choice Hotels International, Inc.)

57.    CS HPB LLC (subsidiary of Appellee Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

58.     CS Lakeside Santa Clara LLC (subsidiary of Appellee Choice Hotels International, Inc.)

59.     CS Main Pleasant Hill, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

60.     CS MLK New Haven LLC (subsidiary of Appellee Choice Hotels International, Inc.)

61.     CS NYC Member LLC (subsidiary of Appellee Choice Hotels International, Inc.)

62.     CS White Plains, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

63.     CS WO LLC (subsidiary of Appellee Choice Hotels International, Inc.)

64.     CS Woodlands, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

65.     CS at Ninth LLC (subsidiary of Appellee Choice Hotels International, Inc.)

66.     CSHBP Services Holding LLC (subsidiary of Appellee Choice Hotels International, Inc.)

67.     CSHPB Beverages LLC (subsidiary of Appellee Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

68. Daly, Jacob E. (attorney for Appellee Choice Hotels International, Inc.)

69. EH Nampa JV LLC (subsidiary of Appellee Choice Hotels International, Inc.)

70. EH Nampa Property Owner LLC (subsidiary of Appellee Choice Hotels International, Inc.)

71. FBC-CHI Hotels, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

72. FC 632 TCHoup LLC (subsidiary of Appellee Choice Hotels International, Inc.)

73. FC El Segundo LLC (subsidiary of Appellee Choice Hotels International, Inc.)

74. FC Nashville LLC (subsidiary of Appellee Choice Hotels International, Inc.)

75. FC Southlake LLC (subsidiary of Appellee Choice Hotels International, Inc.)

76. Freeman Mathis & Gary, LLP (law firm for attorneys representing Appellee Choice Hotels International, Inc.)

77. Hinshaw & Culbertson LLP (law firm for attorneys representing Appellee Terminix Global Holdings, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

78.   Hotel and Restaurant Realty Corporation (subsidiary of Appellee Choice Hotels International, Inc.)

79.   Integrated 32 West Randolph LLC (subsidiary of Appellee Choice Hotels International, Inc.)

80.   Jackson, Courtney (attorney for Appellee Terminix Global Holdings, Inc.)

81.   Lazarus, Matthew P. (attorney for Appellee Terminix Global Holdings, Inc.)

82.   LIBOR Arizona Beverage LLC (subsidiary of Appellee Choice Hotels International, Inc.)

83.   LIBOR Bloomington Beverage LLC (subsidiary of Appellee Choice Hotels International, Inc.)

84.   LIBOR California Beverage LLC (subsidiary of Appellee Choice Hotels International, Inc.)

85.   LIBOR Management LLC (subsidiary of Appellee Choice Hotels International, Inc.)

86.   LIBOR Nashville Beverage LLC (subsidiary of Appellee Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

87.    LIBOR Salt Lake City LLC (subsidiary of Appellee Choice Hotels International, Inc.)

88.    Main Street WP Hotel Associates LLC (subsidiary of Appellee Choice Hotels International, Inc.)

89.    Middle Lane Capital LLC (subsidiary of Appellee Choice Hotels International, Inc.)

90.    New Orleans Beverage Co. LLC (subsidiary of Appellee Choice Hotels International, Inc.)

91.    Park Hospitality LLC (subsidiary of Appellee Choice Hotels International, Inc.)

92.    Park of Canada, Inc. (subsidiary of Appellee Choice Hotels International, Inc.)

93.    Park Worldwide LLC (subsidiary of Appellee Choice Hotels International, Inc.)

94.    Quality Hotels Limited (subsidiary of Appellee Choice Hotels International, Inc.)

95.    Radisson Aruba LLC (subsidiary of Appellee Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

96.    Radisson Blu MOA, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

97.    Radisson Blu MOA Management LLC (subsidiary of Appellee Choice Hotels International, Inc.)

98.    Radisson Blu MOA Member, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

99.    Radisson Central Reservations Corporation (subsidiary of Appellee Choice Hotels International, Inc.)

100.    Radisson Chicago Aqua Management, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

101.    Radisson Chicago MP, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

102.    Radisson Chicago MP Management LLC (subsidiary of Appellee Choice Hotels International, Inc.)

103.    Radisson Curacao LLC (subsidiary of Appellee Choice Hotels International, Inc.)

104.    Radisson Development LLC (subsidiary of Appellee Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

105.  Radisson Holdings, Inc. (subsidiary of Appellee Choice Hotels Inter-
national, Inc.)

106.  Radisson Hospitality, Inc. (subsidiary of Appellee Choice Hotels Inter-
national, Inc.)

107.  Radisson Hotel Investments REIT (subsidiary of Appellee Choice Ho-
tels International, Inc.)

108.  Radisson Hotels Canada Inc. (subsidiary of Appellee Choice Hotels In-
ternational, Inc.)

109.  Radisson Hotels International, Inc. (subsidiary of Appellee Choice Ho-
tels International, Inc.)

110.  Radisson Hotels Limited Partnership (subsidiary of Appellee Choice
Hotels International, Inc.)

111.  Radisson Hotels Management Corporation (subsidiary of Appellee
Choice Hotels International, Inc.)

112.  Radisson Hotels Real Estate, Inc. (subsidiary of Appellee Choice Ho-
tels International, Inc.)

113.  Radisson International Management, Inc. (subsidiary of Appellee
Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

114.   Radisson Moscow Corporation (subsidiary of Appellee Choice Hotels
       International, Inc.)

115.   Radisson PA LLC (subsidiary of Appellee Choice Hotels International,
       Inc.)

116.   Radisson Procurement, Inc. (subsidiary of Appellee Choice Hotels In-
       ternational, Inc.)

117.   RB Anaheim Management, LLC (subsidiary of Appellee Choice Hotels
       International, Inc.)

118.   RB La Dehesa Management SpA (subsidiary of Appellee Choice Ho-
       tels International, Inc.)

119.   RB Minneapolis Management LLC (subsidiary of Appellee Choice Ho-
       tels International, Inc.)

120.   RB Sandy Management, LLC (subsidiary of Appellee Choice Hotels
       International, Inc.)

121.   RB Tampa Management, LLC (subsidiary of Appellee Choice Hotels
       International, Inc.)

122.   RC International Marketing Services, Inc. (subsidiary of Appellee
       Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

123.  RD La Crosse Management, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

124.  RD Concepción Management SpA (subsidiary of Appellee Choice Hotels International, Inc.)

125.  RD NY Times Square Management, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

126.  Rentokil Initial plc (NYSE ticker symbol RTO) (affiliate of Appellee Terminix Global Holdings, Inc.)

127.  Rentokil Initial US Holdings, Inc. (affiliate of Appellee Terminix Global Holdings, Inc.)

128.  Robinson, Julia M. (Appellant)

129.  RR Brickell Management LLC (subsidiary of Appellee Choice Hotels International, Inc.)

130.  RR MIA Management, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

131.  RR MPLS DT, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

132.  RR MPLS Management, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

133. RR Nashville Management, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

134. RR Plano Management, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

135. RR Portland Management, LLC (subsidiary of Appellee Choice Hotels International, Inc.)

136. Scrudder, Bass, Quillian, Horlock, Lazarus & Adele, LLP (law firm for attorneys representing Appellee Terminix Global Holdings, Inc.)

137. SkyTouch Solutions LLC (subsidiary of Appellee Choice Hotels International, Inc.)

138. Sutherland, Teddy L. (attorney for Appellee Terminix Global Holdings, Inc.)

139. Terminix Global Holdings, Inc. (Appellee)

140. Terminix Holdings, LLC (affiliate of Appellee Terminix Global Holdings, Inc.)

141. Terminix International Company L.P. (affiliate of Appellee Terminix Global Holdings, Inc.)

142. The Terminix Company, LLC (affiliate of Appellee Terminix Global Holdings, Inc.)

Julia Robinson v. Choice Hotels International Services Corp. et al.
Case No. 23-11733-H

143.  TMX Holdco, Inc. (affiliate of Appellee Terminix Global Holdings, Inc.)

144.  United States of America (Defendant; not involved in appeal)

145.  Vincent, Joshua G. (attorney for Appellee Terminix Global Holdings, Inc.)

146.  Warwick Beverage Co. LLC (subsidiary of Appellee Choice Hotels International, Inc.)

147.  WoodSpring Hotels Franchise Services LLC (subsidiary of Appellee Choice Hotels International, Inc.)

At this time, apart from the above-named parties and entities, undersigned counsel is aware of no other person, associations, firms, partnerships, or corporations that have either a financial interest in or other interest which could be substantially affected by the outcome of this particular case.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellee Choice Hotels International, Inc. believes that oral argument is not necessary for this case.  The relevant facts and legal issues are not complicated and are adequately presented by the parties' briefs.

# TABLE OF CONTENTS

Certificate of Interested Persons and
Corporate Disclosure Statement ................................................................ C - 1 of 17

Statement Regarding Oral Argument ........................................................ i

Table of Contents ...................................................................................... ii

Table of Authorities ................................................................................. iv

Statement of Jurisdiction ........................................................................... 1

Statement of the Issues .............................................................................. 3

Statement of the Case ................................................................................ 5

    I.      Course of Proceedings and Disposition in the District Court ............... 5

    II.     Statement of Facts ................................................................................. 6

    III.    Standard of Review ............................................................................... 7

Summary of the Argument ........................................................................ 9

Argument and Citation of Authorities ..................................................... 11

    I.      The Court should affirm the District Court's denial
        of Robinson's motions for a temporary restraining
        order and/or a preliminary injunction ................................................. 11

        A.     Robinson has waived any error committed by
             the District Court with respect to its denial of
             her motions for a temporary restraining order
             and/or a preliminary injunction because she
             failed to include any argument on this issue in
             her opening brief ....................................................................... 11

B.    The allegations in the amended complaint do
not satisfy the requirements for a temporary
restraining order or a preliminary injunction ............................11

II.    The Court should affirm the District Court's dismissal
of the claims against Choice due to insufficient service
of process ............................................................................................13

III.    The Court should affirm the District Court's dismissal
of the claims against Choice under the "right for any
reason" doctrine ..................................................................................16

A.    The amended complaint fails to state a claim upon
which relief can be granted against Choice under
the Federal Tort Claims Act because it is a private
company ...................................................................................16

B.    The amended complaint fails to state a claim upon
which relief can be granted against Choice under
42 U.S.C. § 1983 because it is not a state actor ........................17

C.    The amended complaint fails to state a claim upon
which relief can be granted against Choice under
state law because there are no factual allegations
showing that it owed a legal duty of care to Robinson .............20

Conclusion ............................................................................................21

# TABLE OF AUTHORITIES

## Cases

*Anderson v. AIG Prop. Cas. Co.*,
No. 2:20-cv-774-FtM-38MRM, 2020 WL 6321867
(M.D. Fla. Oct. 28, 2020) ...............................................................18

*Anderson v. Turton Dev., Inc.*,
225 Ga. App. 270 (1997)..................................................................21

*Albra v. Advan, Inc.*,
490 F.3d 826 (11th Cir. 2007) ..........................................................8

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
526 U.S. 40 (1999)...........................................................................17

*Barber v. Governor of Ala.*,
73 F.4th 1306 (11th Cir. 2023)......................................................7, 8

*Burton v. City of Belle Glade*,
178 F.3d 1175 (11th Cir. 1999) .......................................................12

*Campbell v. Air Jamaica, Ltd.*,
760 F.3d 1165 (11th Cir. 2014) .........................................................8

*Charles v. Johnson*,
18 F.4th 686 (11th Cir. 2021) ..........................................................18

*Davenport v. Seterus, Inc.*,
No. 1:17-cv-00239-RWS-AJB, 2017 WL 11104000
(N.D. Ga. July 17, 2017) ..................................................................18

*DeBose v. Ellucian Co.*,
802 F. App'x 429 (11th Cir. 2019) (per curiam)...........................18

*Del Valle v. Sec. of State, U.S. Dep't of State*,
16 F.4th 832 (11th Cir. 2021) ............................................................4

*Denson v. U.S.*,
    574 F.3d 1318 (11th Cir. 2009) ............................................................. 16-17

*Erickson v. Pardus*,
    551 U.S. 89 (2007)........................................................................................8

*Ferrer v. Jewelry Repair Enters., Inc.*,
    310 So. 3d 428 (Fla. 4th DCA 2021)...........................................................20

*Fla. v. Seminole Tribe of Fla.*,
    181 F.3d 1237 (11th Cir. 1999) ...................................................................12

*Fuqua v. Turner*,
    996 F.3d 1140 (11th Cir. 2021) .....................................................................8

*Gissendaner v. Comm'r, Ga. Dep't of Corr.*,
    779 F.3d 1275 (11th Cir. 2015) (per curiam) ................................................8

*In re Egidi*,
    571 F.3d 1156 (11th Cir. 2009) ...................................................................11

*Jones v. Fla. Parole Comm'n*,
    787 F.3d 1105 (11th Cir. 2015) .....................................................................9

*Lepone-Dempsey v. Carroll Cty. Comm'rs*,
    476 F.3d 1277 (11th Cir. 2007) ..............................................................14, 15

*Lloyd v. Foster*,
    298 F. App'x 836 (11th Cir. 2008) (per curiam)..........................................14

*Long v. Sec., Dep't of Corr.*,
    924 F.3d 1171 (11th Cir. 2019) ...................................................................12

*Lozman v. City of Riviera Beach*,
    713 F.3d 1066 (11th Cir. 2013) ...................................................................18

*Madison v. Hollywood Subs, Inc.*,
    997 So. 2d 1270 (Fla. 4th DCA 2009) (per curiam).....................................21

*McClain v. Bank of Am. Corp.*,
    No. CV411-305, 2013 WL 1399309 (S.D. Ga. Apr. 5, 2013) ......................18

*McCone v. Thorpe*,
    828 F. App'x 697 (11th Cir. 2020) (per curiam)...........................................18

*McGuire v. Radisson Hotels Int'l, Inc.*,
    209 Ga. App. 740 (1993) ..............................................................................21

*Pearson v. Kemp*,
    831 F. App'x 467 (11th Cir. 2020)..................................................................2

*Porter v. Ocwen Loan Servicing, LLC*,
    No. 1:18-CV-01253-RWS-JCF, 2018 WL 6829043
    (N.D. Ga. Oct. 16, 2018) ..............................................................................18

*Restivo v. Bank of Am. Corp.*,
    No. 3:13-CV-128 (CAR), 2014 WL 11455986
    (M.D. Ga. June 9, 2014) ...............................................................................18

*Schiavo ex rel. Schindler v. Schiavo*,
    403 F.3d 1223 (11th Cir. 2005) (per curiam) .................................................8

*Taylor v. Krueger*,
    No. 8:15-cv-2769-T-33MAP, 2016 WL 1733085
    (M.D. Fla. May 2, 2016).................................................................................14

*Timson v. Sampson*,
    518 F.3d 870 (11th Cir. 2008) (per curiam) .................................................11

## **Statutes**

28 U.S.C. § 1291 ...................................................................................................2

28 U.S.C. § 1292...................................................................................................2

28 U.S.C. § 1331 ...................................................................................................1

28 U.S.C. § 1332 ................................................................................1

28 U.S.C. § 1346 ...........................................................................1, 16

28 U.S.C. § 2674 ................................................................................16

42 U.S.C. § 1983 ...................................................................1, 4, 10, 17

## **Rules**

11TH CIR. R. 26.1 ................................................................ C - 1 of 17

FED. R. APP. P. 4 ................................................................................2

FED. R. APP. P. 26.1 ........................................................... C - 1 of 17

FED. R. CIV. P. 4 .............................................................5, 9, 10, 13, 14, 15, 16

## STATEMENT OF JURISDICTION

Robinson invokes federal question jurisdiction in her amended complaint because she asserts claims under the Federal Tort Claims Act, 42 U.S.C. § 1983, and various other federal laws. *See* 28 U.S.C. § 1331. In addition, Robinson named the United States of America as a defendant in her amended complaint, and so it appears that there is subject-matter jurisdiction under 28 U.S.C. § 1346(b)(1) based on the allegations in the amended complaint. Finally, although Robinson did not check the box on her form complaint to indicate that she was asserting subject-matter jurisdiction based on diversity of citizenship, it appears that such jurisdiction may exist based on (1) Robinson being a citizen of Georgia, (2) Choice Hotels International, Inc. being a citizen of Delaware (state of incorporation) and Maryland (state of principal place of business), (3) Terminix Global Holdings, Inc. being a citizen of Delaware (state of incorporation) and Tennessee (state of principal place of business), and (4) Robinson alleging in her amended complaint that the amount in controversy is greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

In addition, the Court has appellate jurisdiction because (1) the judgment of the District Court upon which this appeal is based was a final judgment that disposed of all claims; and (2) Robinson filed her notice of appeal within thirty days of the District Court's entry of judgment on its order denying Robinson's motions for a temporary restraining order and/or a preliminary injunction and granting Choice's

and Terminix's motions to dismiss.  28 U.S.C. § 1291; FED. R. APP. P. 4(a)(1)(A);
FED. R. APP. P. 4(a)(4).

There is, however, a possible exception to the Court's appellate jurisdiction
with respect to the District Court's denial of a temporary restraining order for Rob-
inson.  That is, the Court has held that "[it] do[es] not ordinarily have jurisdiction
over TRO rulings," except "when a grant or denial of a TRO might have a serious,
perhaps irreparable, consequence, and can be effectively challenged only by imme-
diate appeal." *Pearson v. Kemp*, 831 F. App'x 467, 471 (11th Cir. 2020) (internal
quotation marks omitted).  Here, Robinson was not in a position of having to seek
an immediate, interlocutory appeal because the District Court denied her two mo-
tions for a temporary restraining order and/or a preliminary injunction in the same
order in which it granted Choice's and Terminix's motions to dismiss.  Thus, it
seems that the denial of a temporary restraining order would be appealable as part
of a final judgment under 28 U.S.C. § 1291, but the case law seems to discuss this
issue only in the context of an interlocutory appeal under 28 U.S.C. § 1292.  This
issue may not be important to resolve because even if Robinson cannot appeal the
District Court's denial of a temporary restraining order, she can appeal the District
Court's denial of a preliminary injunction, and the standard for issuing a temporary
restraining order is the same as the standard for issuing a preliminary injunction.

## <u>STATEMENT OF THE ISSUES</u>

Robinson's statement of the issues in her brief is not understandable because all she says is that the District Court abused its discretion. She does not identify the ruling or rulings as to which she contends the District Court abused its discretion. Nor does she identify the ruling or rulings to be appealed in her notice of appeal; instead, she simply attached the District Court's May 12, 2023 order to her notice of appeal without any explanation. Because that order ruled on her motions for a temporary restraining order and/or a preliminary injunction as well as Choice's and Terminix's motions to dismiss, Choice assumes that she is appealing all rulings in that order. If so, there are three main issues in this appeal that relate to Choice:

1. Whether Robinson waived any error committed by the District Court with respect to its denial of her two motions for a temporary restraining order and/or a preliminary injunction by not including argument on this issue in her opening brief?

2. If there has been no waiver, whether the District Court correctly denied Robinson's motions for a temporary restraining order and/or a preliminary injunction?

3. Whether the District Court correctly granted Choice's motion to dismiss due to a lack of personal jurisdiction caused by insufficient service of process?

The answer to these questions is "Yes," and so the Court should affirm the District Court's judgment in its entirety.

If the Court finds that the District Court erred in granting Choice's motion to dismiss on the basis of insufficient service of process, it should nevertheless affirm the District Court's ruling for the additional reasons argued in Choice's motion. If the Court finds it necessary to address these arguments, the following additional issues would be presented:

1. Whether the amended complaint states a valid claim against Choice under the Federal Tort Claims Act?

2. Whether the amended complaint states a valid claim against Choice under 42 U.S.C. § 1983?

3. Whether Choice owed a legal duty of care to Robinson based on the allegations in the amended complaint?

Although the District Court did not rule on these issues, it is proper for the Court to consider them under the "right for any reason" doctrine. *Del Valle v. Sec. of State, U.S. Dep't of State*, 16 F.4th 832, 837 (11th Cir. 2021) ("We may affirm a district court's dismissal on any ground supported by the record, so long as that ground has been properly asserted.").

## STATEMENT OF THE CASE

### I.    COURSE OF PROCEEDINGS AND DISPOSITION IN THE DISTRICT COURT

Robinson filed the original complaint on August 4, 2022, and the amended complaint on August 24, 2022. [Doc. Nos. 1 and 7.] Because Choice was not served with process within the time required by FRCP 4(m), and for other reasons, it filed a motion to dismiss on December 12, 2022. [Doc. No. 12.] Under Northern District of Georgia Local Rule 7.1(B), Robinson's response was due by December 27, 2022 (because the 14th day after filing was December 26, 2022, which was a federal holiday), but she did not file a response by then. Thus, the District Court entered a Show Cause Order on January 4, 2023, requiring Robinson to show cause by January 18, 2023, why the case should not be dismissed for failure to effectuate service of process within 90 days as required by FRCP 4(m). [Doc. No. 14.] Also on January 4, 2023, Robinson filed an untimely response to Choice's motion to dismiss that consisted of 147 single-spaced pages, plus 108 pages of exhibits, and on January 17, 2023, she filed a response to the District Court's Show Cause Order. [Doc. Nos. 15, 15-1, 15-2, and 17.]

Meanwhile, Robinson also filed two motions for a temporary restraining order and/or a preliminary injunction, one on October 11, 2022, and one on February 16, 2023. [Doc. Nos. 9 and 22.] These motions are largely repetitive of the complaint

and the amended complaint, and neither clearly explained the nature of the relief sought by Robinson.  On April 13, 2023, the District Court entered an order denying Robinson's motions for a temporary restraining order and/or a preliminary injunction and granting Choice's and Terminix's motions to dismiss.  [Doc. No. 28.]  The Clerk entered judgment on this order the same day.  [Doc. No. 29.]

## II.    STATEMENT OF FACTS

The amended complaint includes wild allegations of rogue employees of the federal government assaulting, harassing, and stalking Robinson, as well as commiting "war crimes" against her.  [Doc. No. 7 at 11 of 34.]  These rogue employees of the federal government allegedly tortured her, both physically and mentally, and they "possibly" kidnapped, raped, and killed her.  [*Id.* at 15 of 34.]  They also allegedly performed "Illegal Human Research/Human Experimentation" on Robinson and her family.  [*Id.* at 25 of 34.]  On one occasion, these rogue employees of the federal government allegedly attempted to assassinate Robinson's domestic partner by placing a flesh-eating bug in his food at a restaurant.  [*Id.* at 26 of 34.]  The only allegations in the amended complaint that relate to Choice are that (1) Robinson was the victim of an unspecified crime at the Quality Inn & Suites on Stirling Road in Hollywood, Florida, on October 4, 2019, and (2) this hotel "did not have any security on October 4, 2019 to prevent incidents like the incident that happened to The Plaintiff/Hotel Guests."  [Doc. No. 7 at 12 of 34 and 17-18 of 34.]

After examining these and other allegations in the amended complaint, the District Court concluded that "it is impossible to discern what claims [Robinson] is bringing in this case." [Doc. No. 28 at 3.] Choice has fared no better than the District Court in attempting to identify the claims against it. Fortunately, however, identifying the claims brought by Robinson is not necessary, except to the extent they may bear on subject-matter jurisdiction, because the main issues in this appeal relate to the timeliness of service of process and the propriety of injunctive relief. As to the timeliness of service of process, the allegations in the amended complaint do not matter; what matters is that Choice was never served. As to the propriety of injunctive relief, all that matters is that the amended complaint does not contain specific factual allegations showing the likelihood of Robinson sustaining an irreparable injury or a substantial likelihood of Robinson succeeding on the merits of her claims. Indeed, the District Court was unable to determine what conduct Robinson was asking to be restrained or enjoined because both of her motions for a temporary restraining order and/or a preliminary injunction are "equally incomprehensible." [Doc. No. 28 at 12.]

## III.   STANDARD OF REVIEW

The denial of a motion for a temporary restraining order or a motion for a preliminary injunction is reviewed on appeal for an abuse of discretion. *Barber v. Governor of Ala.*, 73 F.4th 1306, 1316 (11th Cir. 2023) (preliminary injunction);

*Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1280 (11th Cir. 2015) (per curiam) (temporary restraining order). This standard requires an appellate court to review factual findings for clear error and legal conclusions de novo. *Barber*, 73 F.4th at 1316. Under this standard, a district court's ruling will be reversed "only if [it] applies an incorrect legal standard, or applies improper procedures, or relies on clearly erroneous factfinding, or if it reaches a conclusion that is clearly unreasonable or incorrect." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226 (11th Cir. 2005) (per curiam).

"When a district court dismisses a plaintiff's complaint for insufficient service of process, [appellate courts] apply a *de novo* standard of review to the law and a clear error standard to any findings of fact." *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021).

Although a complaint filed by a pro se plaintiff should be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (internal quotation marks omitted). A pro se complaint still must comply with procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), and it still "must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory

devoid of any factual basis." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## SUMMARY OF THE ARGUMENT

At issue in this appeal is the District Court's April 13, 2023 order, which (1) denied Robinson's two motions for a temporary restraining order and/or a preliminary injunction, and (2) granted Choice's and Terminix's motions to dismiss.

It is not clear whether Robinson is appealing the District Court's denial of her two motions for a temporary restraining order and/or a preliminary injunction because, although she attached the entire order to her notice of appeal without saying in the notice what she intended to appeal, her appellate brief does not include any argument on this issue. Because of this omission, Robinson has waived any error committed by the District Court with respect to its denial of her two motions for a temporary restraining order and/or a preliminary injunction. But even if the Court reaches the merits of these motions, the District Court's denial of them was proper and should be affirmed because the allegations in the amended complaint does not satisfy the requirements for a temporary restraining order or a preliminary injunction.

As to Choice's motion to dismiss, the District Court correctly found that Robinson did not serve process on Choice within the 90 days required by FRCP 4(m), that Robinson failed to show good cause for her failure to serve process on Choice

within that deadline, and that there are no circumstances warranting an extension of time for Robinson to serve process on Choice.  Robinson argued that she complied with the deadline in FRCP 4(m) because she sent a request for waiver of service of process under FRCP 4(d) to Choice, but the District Court correctly found that a request for a waiver of service does not constitute service.  Indeed, Choice was not obligated to waive service, and controlling precedent holds that a defendant must be served in accordance with FRCP 4(e) if it decides not to waive service under FRCP 4(d).  For all these reasons, the Court should affirm the District Court's dismissal of all claims against Choice.

Finally, there are three arguments that Choice asserted in its motion to dismiss but that the District Court did not address in its April 13, 2023 order.  If the Court affirms the District Court's judgment, there is no reason for it to address these additional arguments.  But if the Court finds that the District Court erred in its April 13, 2023 order, Choice is including these additional arguments as alternative bases for the Court to affirm the District Court's judgment.  First, Robinson cannot sue Choice under the Federal Tort Claims Act because that Act does not apply to private companies like Choice.  Second, Robinson cannot sue Choice under 42 U.S.C. § 1983 because it is not a state actor.  Third, Robinson cannot maintain her state-law claims against Choice under either Georgia or Florida law because it did not owe her a legal duty of care since it did not own the hotel where the alleged events occurred.

## ARGUMENT AND CITATION OF AUTHORITIES

### I. THE COURT SHOULD AFFIRM THE DISTRICT COURT'S DENIAL OF ROBINSON'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND/OR A PRELIMINARY INJUNCTION

#### A. Robinson has waived any error committed by the District Court with respect to its denial of her motions for a temporary restraining order and/or a preliminary injunction because she failed to include any argument on this issue in her opening brief.

Robinson does not argue in her opening brief that the District Court erred in denying her two motions for a temporary restraining order and/or a preliminary injunction. This failure constitutes a waiver of any error committed by the District Court on this issue. *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived."). This rule applies to pro se parties. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned."). Thus, the District Court's judgment with respect to this issue should be affirmed.

#### B. The allegations in the amended complaint do not satisfy the requirements for a temporary restraining order or a preliminary injunction.

Even if the Court considers the merits of Robinson's motions for a temporary restraining order and/or a preliminary injunction, it should still affirm the District

Court's judgment.  Like Choice, the District Court was unable to determine what conduct Robinson was asking to be restrained or enjoined.  In fact, the District Court found that both motions for a temporary restraining order and/or a preliminary injunction were "equally incomprehensible." [Doc. No. 28 at 12.][1]  A temporary restraining order or a preliminary injunction may be issued only if the movant establishes that "(1) [s]he has a substantial likelihood of success on the merits, (2) [s]he will suffer irreparable injury unless the injunction issues, (3) the injunction would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest." *Long v. Sec., Dep't of Corr.*, 924 F.3d 1171, 1176 (11th Cir. 2019).  The District Court correctly found that Robinson is not entitled to a temporary restraining order or a preliminary injunction because she failed to satisfy her burden of alleging specific facts that show the likelihood of an irreparable injury or a substantial likelihood of succeeding on the merits of her claims.  [Doc. No. 28

---

[1]    It seems that Robinson is asking for a TRO or an injunction prohibiting Choice from violating the law and requiring it to obey the law.  If so, this is an improper use of a TRO or an injunction because "equity will not enjoin the commission of a crime." *Fla. v. Seminole Tribe of Fla.*, 181 F.3d 1237, 1249 (11th Cir. 1999); *see also Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding that a court should not issue an injunction that simply instructs a defendant to obey the law).  The criminal laws of Florida or Georgia, whichever apply, already proscribe the conduct that Robinson wants to be restrained and/or enjoined, and so there is no need for a TRO or an injunction to be issued.

at 16.]  Robinson has offered nothing on appeal to show that the District Court erred

in its finding, and so its judgment on this issue should be affirmed.

## II.    THE COURT SHOULD AFFIRM THE DISTRICT COURT'S DISMIS-SAL OF THE CLAIMS AGAINST CHOICE DUE TO INSUFFICIENT SERVICE OF PROCESS

Robinson filed the original complaint on August 4, 2022, which means she

was required to serve the summons and the complaint on Choice by November 2,

2022.  FED. R. CIV. P. 4(m) (providing that a district court must dismiss a case with-

out prejudice if the plaintiff does not serve the summons and the complaint on the

defendant within 90 days after the complaint is filed, unless the plaintiff shows good

cause for the failure).  Robinson did not do so, and so Choice filed a motion to dis-

miss based on insufficient service of process on December 12, 2022.  [Doc. No. 12.][2]

Robinson did not file a response to Choice's motion within the time allowed by the

Local Rules, and so the District Court entered an order on January 4, 2023, requiring

her to show good cause for her failure.  [Doc. No. 14.]

Coincidentally, Robinson filed a response to Choice's motion on the same day

the District Court entered its show cause order.  [Doc. No. 15.]  She then filed a

response to the District Court's show cause order on January 17, 2023.  [Doc. No.

---

[2]      Even if the 90 days allowed by FRCP 4(m) is measured from the date when
Robinson filed the amended complaint, August 24, 2022, she was required to serve
the summons and the amended complaint by November 22, 2022.  She did not com-
ply with that deadline either.

17.]  Robinson argued to the District Court, and still argues on appeal, that she complied with FRCP 4(m) because she sent a request for waiver of service of process under FRCP 4(d) to Choice.  [Robinson's Br. at 3, 25-27; Doc. No. 15 at 13-16.]  This is incorrect.  Choice was not obligated to waive formal service, and the Court has held that "if the defendant fails to respond to service by mail, the plaintiff must effect personal service pursuant to Rule 4(e)."  *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007); *see also Lloyd v. Foster*, 298 F. App'x 836, 842 (11th Cir. 2008) (per curiam) ("The Advisory Committee Notes to Rule 4 clarify, however, that such communications are requests for waiver of formal service and are not service itself.  A plaintiff cannot actually perfect service by mail without the affirmative cooperation of the defendant."); *Taylor v. Krueger*, No. 8:15-cv-2769-T-33MAP, 2016 WL 1733085, at *2 (M.D. Fla. May 2, 2016) ("[A] request for waiver of service does not effect service.").  Regardless, even if merely sending a request for a waiver of formal service were to constitute proper service, Robinson still failed to comply with FRCP 4(m) because she sent the request for a waiver of formal service to Choice on November 10, 2022, which was eight days too late under FRCP 4(m).  [Doc. No. 15-2 at 4.]  Thus, the District Court correctly found that Robinson did not comply with FRCP 4(m).  [Doc. No. 28 at 18-20.]

The District Court also correctly found that Robinson failed to show good cause for her failure to serve process on Choice.  [Doc. No. 28 at 19-20.]  "Good

cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey*, 476 F.3d at 1281 (punctuation and internal quotation marks omitted). Robinson has failed to provide any such explanation. Instead, she admits that she failed to read all of FRCP 4, [Doc. No. 17 at 5], and so her failure to comply with FRCP 4(m) was not the result of good cause but rather was the result of her own negligence.

Even in the absence of a showing of good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey*, 476 F.3d at 1282. Such circumstances include whether the statute of limitations would bar the plaintiff from refiling the case and whether the defendant has evaded service or has concealed a defect in an attempted service. *Id.* The District Court found that Robinson had not presented any circumstances that warranted an extension of the time limit in FRCP 4(m). [Doc. No. 28 at 21.] With respect to the statute of limitations, the District Court found that it is difficult to determine whether any of Robinson's claims would be barred in a refiled case because it is not clear what claims she is asserting. [*Id.*]

Even if Robinson was honestly mistaken about whether sending a request for a waiver of formal service was proper, the District Court correctly found that this did not excuse her failure to comply with the deadline in FRCP 4(m) because she admits that she did not send the request to Choice until after the deadline expired

15

and that she did not bother to read all of FRCP 4.  [Doc. No. 15-2 at 4; Doc. No. 17 at 5.]  Further, Robinson did not present any evidence of Choice evading service or concealing a defect in an attempted service.  Nor could she have presented any such evidence because, again, she made no effort to serve Choice until after the deadline in FRCP 4(m) expired.  Under these circumstances, the District Court acted well within its discretion in declining to extend the deadline for Robinson to perfect service on Choice.

For the foregoing reasons, the District Court correctly found that (1) Robinson did not perfect service on Choice within the deadline established by FRCP 4(m), (2) Robinson failed to show good cause for her failure to perfect service on Choice within that deadline, and (3) there are no circumstances warranting an extension of time for Robinson to perfect service on Choice.  Accordingly, the District Court correctly granted Choice's motion to dismiss.

## III.  THE COURT SHOULD AFFIRM THE DISTRICT COURT'S DISMISSAL OF THE CLAIMS AGAINST CHOICE UNDER THE "RIGHT FOR ANY REASON" DOCTRINE

### A.    The amended complaint fails to state a claim upon which relief can be granted against Choice under the Federal Tort Claims Act because it is a private company.

The Federal Tort Claims Act provides for the liability of the United States of America under certain circumstances.  28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2674.  However, it does not apply to private companies like Choice.  *Denson v. U.S.*, 574

F.3d 1318, 1336 (11th Cir. 2009) ("[T]he FTCA is not a federal remedial scheme at all, but a waiver of sovereign immunity that permits an injured claimant to recover damages against the United States . . . ."). Thus, the amended complaint fails to state a claim upon which relief can be granted against Choice under the FTCA.

**B.    The amended complaint fails to state a claim upon which relief can be granted against Choice under 42 U.S.C. § 1983 because it is not a state actor.**

Although the FTCA is the only federal law identified in the amended complaint as the basis for Robinson's claims,[3] it also refers to violations of her rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. If Robinson intends to assert claims against Choice under 42 U.S.C. § 1983 for violations of her constitutional rights, such claims would fail because she does not allege that Choice is a state actor. Section 1983 does not apply to "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).

As a private entity, Choice cannot violate a person's constitutional rights except in extremely limited circumstances, such as when:

---

[3]    In her brief for this appeal, Robinson refers to her complaint as "her original FTCA complaint" and "her Amended FTCA Complaint." [Robinson's Br. at 25 and 27.] She also refers to the case as "this FTCA claim." [*Id.* at 28.]

(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test").

*Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021). However, Robinson's allegations are insufficient to plausibly show that Choice was a state actor under any of these tests. All the amended complaint says about Choice is that it negligently failed to provide adequate security at the Quality Inn & Suites on Stirling Road in Hollywood, Florida. But Choice is only a lodging franchisor; it did not own that hotel at the relevant time. Instead, according to the Broward County (Florida) property appraisal records,[4] that hotel's ownership has been as follows:

---

[4]    "A district court may . . . take judicial notice of certain facts—including public records—without converting a motion to dismiss [into a motion for summary judgment]." *DeBose v. Ellucian Co.*, 802 F. App'x 429, 433 (11th Cir. 2019) (per curiam); *see also McCone v. Thorpe*, 828 F. App'x 697, 698 (11th Cir. 2020) (per curiam); *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013). It is appropriate for a court to take judicial notice of county property appraisal records. *Anderson v. AIG Prop. Cas. Co.*, No. 2:20-cv-774-FtM-38MRM, 2020 WL 6321867, at *1 (M.D. Fla. Oct. 28, 2020); *Porter v. Ocwen Loan Servicing, LLC*, No. 1:18-CV-01253-RWS-JCF, 2018 WL 6829043, at 3 n.3 (N.D. Ga. Oct. 16, 2018); *Davenport v. Seterus, Inc.*, No. 1:17-cv-00239-RWS-AJB, 2017 WL 11104000, at *2 n.3 (N.D. Ga. July 17, 2017); *Restivo v. Bank of Am. Corp.*, No. 3:13-CV-128 (CAR), 2014 WL 11455986, at *4 n.31 (M.D. Ga. June 9, 2014); *McClain v. Bank of Am. Corp.*, No. CV411-305, 2013 WL 1399309, at *5 n.5 (S.D. Ga. Apr. 5, 2013).

- Stirling Hotel Associates, Ltd. f/k/a Stirling Hampton Associates, Ltd. owned the property from an unknown date until February 10, 2006, at which time it sold the property to Stirling Properties Associates I, Ltd. [Doc. No. 16-1.]

- On the same day, February 10, 2006, Stirling Properties Associates I, Ltd. deeded the property to 2520 Stirling Management, LLC. [Doc. No. 16-2.]

- On February 18, 2021, 2520 Stirling Management, LLC deeded the property to Hotolos Hollywood, LLC. [Doc. No. 16-3.]

These records show that 2520 Stirling Management, LLC owned the hotel at the time plaintiff allegedly stayed there – October 4, 2019. Because these records show that Choice did not own the hotel at the relevant time, there are no allegations in the amended complaint to support an argument that Choice is a state actor that can be sued under 42 U.S.C. § 1983 for violating Robinson's constitutional rights. Accordingly, any claim against Choice based on Robinson's constitutional rights having been violated must be dismissed.

**C.     The amended complaint fails to state a claim upon which relief can be granted against Choice under state law because there are no factual allegations showing that it owed a legal duty of care to Robinson.**

The amended complaint includes only two allegations that arguably relate to Choice, and neither is sufficient to support a claim against Choice.  First, Robinson alleges that she was the victim of an unspecified crime at the Quality Inn & Suites on Stirling Road in Hollywood, Florida, on October 4, 2019.  [Doc. No. 7 at 12 of 34.]  Second, Robinson alleges that this hotel "did not have any security on October 4, 2019 to prevent incidents like the incident that happened to The Plaintiff/Hotel Guests."  [*Id.* at 17-18 of 34.]  These allegations fail to state a claim upon which relief can be granted against Choice because, as explained in the previous section, Choice did not own the hotel on October 4, 2019, and therefore did not owe any legal duty of care to Robinson.

These two allegations do not say what the October 4, 2019 incident was, and there is no allegation concerning Choice's relationship with the hotel.  Choice is only a lodging franchisor, and although Quality Inn & Suites is one of its brands, it did not own the hotel.  As a mere franchisor and not the owner, Choice did not owe any legal duty of care to Robinson under either Georgia or Florida law.  *See, e.g.*, *Ferrer v. Jewelry Repair Enters., Inc.*, 310 So. 3d 428, 430 (Fla. 4th DCA 2021) (holding that "the franchisor had no legal duty to the plaintiff and could not be held liable for

20

the acts of the franchisee's owner where the franchisor as not in actual or apparent control of the independently owned and operated franchise"); *Madison v. Hollywood Subs, Inc.*, 997 So. 2d 1270, 1270-71 (Fla. 4th DCA 2009) (per curiam) (in a negligent security case, affirming dismissal of franchisor because it was not franchisee's agent); *Anderson v. Turton Dev., Inc.*, 225 Ga. App. 270, 273-75 (1997) (holding that Choice was entitled to summary judgment in premises liability case on plaintiff's claims of actual and apparent agency, as well as negligence, because it was only a franchisor); *McGuire v. Radisson Hotels Int'l, Inc.*, 209 Ga. App. 740, 742 (1993) (holding that franchise agreement did not create agency relationship).

Because Choice did not owe any legal duty of care to Robinson, the amended complaint fails to state a claim upon which relief can be granted against it under either Georgia or Florida law.

## CONCLUSION

The Court should affirm the judgment of the District Court as to (1) its denial of Robinson's two motions for a temporary restraining order and/or a preliminary injunction, and (2) its grant of Choice's motion to dismiss.

[SIGNATURE ON FOLLOWING PAGE]

FREEMAN MATHIS & GARY, LLP


_____/s/ *Jacob E. Daly*_____

Marc H. Bardack
Georgia Bar No. 037126
mbardack@fmglaw.com
Jacob E. Daly
Georgia Bar No. 203723
jdaly@fmglaw.com
Evan D. Szczepanski
Georgia Bar No. 519263
eszczepanski@fmglaw.com

Attorneys for Appellee
Choice Hotels International, Inc.

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I certify that the foregoing **BRIEF OF APPELLEE CHOICE HOTELS INTERNA-TIONAL, INC.** complies with (1) the word limit of Rule 32(a)(7) of the Federal Rules of Appellate Procedure because it contains less than 13,000 words, and (2) the typeface and type-style requirements of Rule 32(a)(5) and (6) of the Federal Rules of Appellate Procedure because it has been prepared in a proportionally spaced typeface (Times New Roman) using Microsoft Word for Microsoft 365 MSO (Version 2111) in 14-point font size.

      /s/ *Jacob E. Daly*

Jacob E. Daly
Georgia Bar No. 203723
jdaly@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000

## <u>CERTIFICATE OF SERVICE</u>

I certify that I filed the foregoing **BRIEF OF APPELLEE CHOICE HOTELS INTERNATIONAL, INC.** using the CM/ECF system which will automatically send electronic mail notification of such filing to the following counsel of record who are CM/ECF participants:

Joshua G. Vincent, Esq.
HINSHAW & CULBERTSON LLP
151 North Franklin Street #2500
Chicago, IL 60606

Matthew P. Lazarus, Esq.
Teddy L. Sutherland, Esq.
Courtney Jackson, Esq.
SCRUDDER, BASS, QUILLIAN,
HORLOCK, LAZARUS
& ADELE, LLP
900 Circle 75 Parkway, Suite 850
Atlanta, GA 30339

I further certify that I served the foregoing **BRIEF OF APPELLEE CHOICE HOTELS INTERNATIONAL, INC.** by U.S. Mail to the following:

Ms. Julia M. Robinson
2451 Cumberland Parkway, S.E.
Suite 3320
Atlanta, GA 30339

This 4th day of December, 2023.

/s/ *Jacob E. Daly*

Jacob E. Daly
Georgia Bar No. 203723
jdaly@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000